UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KATHERINE RIVAS ESCOBAR, | Case No. 2:22-cv-01099-RFB-VCF |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| THE TJX COMPANIES, INC., | |
| Defendant. | |

Plaintiff filed the Complaint (ECF No. 1) and Emergency Motions for Temporary Restraining Order and Preliminary Injunctive Relief (ECF Nos. 3, 6) on July 11, 2022. Plaintiff's Complaint alleges a single claim for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court incorporates by reference the factual allegations as set forth in the Complaint. For the reasons stated herein, the Court denies Plaintiff's motions.

Plaintiff alleges that she is an asylum seeker with work authorization in the United States. In her injunctive motions, she claims that her employer, Defendant The TJX Companies ("TJX"), will be terminating her employment on July 12, 2022, under the allegedly mistaken belief that her work authorization expires on that date. Plaintiff argues her work authorization does not expire until 2024. She claims that she sought renewal of her employment authorization on April 25, 2022 with United States Citizenship and Immigration Services ("USCIS"), and that under existing Department of Homeland Security ("DHS") policy, her work authorization was automatically extended. Plaintiff alleges that without a temporary restraining order or preliminary injunctive relief, she will suffer irreparable harm in the form of losing her job. Plaintiff seeks an ex parte order from this Court declaring that her employment authorization does not expire on July 12, 2022, and enjoining TJX from terminating her.

/ / /

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974)). The analysis for a temporary restraining order is "substantially identical" to that for a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court finds that Plaintiff cannot establish a likelihood of success on the merit. First, the Court notes that the Complaint asserts a single declaratory judgment claim, untethered to any other substantive claim. However, it is well-established that the Declaratory Judgment Act does not create a standalone cause of action. See Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 15 (1983) ("The operation of the Declaratory Judgment Act is procedural only."); Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. . . . It only permits the district court to adopt a specific remedy when jurisdiction exists."). Second, and relatedly, Plaintiff has not set forth a cognizable claim against TJX. Plaintiff's exhibits reveal that part of the reason why Defendant seeks to terminate her on July 12, 2022 is because she has not provided certain proof that she requested a renewal of work authorization – specifically, she has

not provided them with an I-797C Receipt of Notice. <u>See</u> ECF No. 6, Ex. 4. Plaintiff argues that her failure to provide this document is due to delays and difficulties reaching USCIS. Yet, Plaintiff has not identified a cognizable claim arising from these delays with USCIS which could create liability for TJX. In light of these two deficiencies, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits.

**IT IS THEREFORE ORDERED** that the Emergency Motions for Temporary Restraining Order and Preliminary Injunctive Relief (ECF Nos. 3, 6) are DENIED.

DATED: <u>July 11, 2022</u>.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**